

DA 08-0159

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 458N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

CAROL FOSTER-DeBERRY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 2007-016
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Tammy Plubell,
Assistant Attorney General, Helena, Montana

          Brant S. Light, Cascade County Attorney, Joel Thompson,
Great Falls, Montana

Submitted on Briefs:  December 24, 2008

Decided:  December 31, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Carol Foster-DeBerry in January 2007 in the Eighth Judicial District Court, Cascade County, with criminal distribution of dangerous drugs (methamphetamine), a felony, in violation of § 45-9-101, MCA (2005). The State initially gave notice that it intended to call Judith Hoffman, a chemist with the Montana State Crime Lab, as an expert witness at trial. Subsequently, however, the State filed a Notice of Deposition, indicating the need to take a pretrial deposition of Hoffman because Hoffman was scheduled to be out of state conducting an audit of another crime lab on the scheduled trial date. The deposition was taken in January 2008. It was videotaped, and both Foster-DeBerry and her counsel were present. Over Foster-DeBerry's objection, the District Court ruled that the State could play the videotaped deposition to the jury. The jury ultimately found Foster-DeBerry guilty, and the court sentenced her in March 2008 to 12 years in prison, with 7 years suspended.

¶3 On appeal, Foster-DeBerry contends that the State failed to meet the requirements of § 46-15-201(1), MCA, which states, in pertinent part:

(1) In district or municipal court cases, a deposition may be taken if it appears that a prospective witness:

(a) is likely to be either unable to attend or otherwise prevented from attending a trial or hearing;

(b) is likely to be absent from the state at the time of the trial or hearing; or . . . .

¶4    Focusing on subsection (1)(a), Foster-DeBerry argues that the State did not show that Hoffman was likely to be either unable to attend or otherwise prevented from attending the trial. Nor did the State, according to Foster-DeBerry, make a showing that a substitute auditor could not have been found for Hoffman. Moreover, Foster-DeBerry argues that Hoffman's absence was entirely voluntary and, thus, that Hoffman was not "unable" to attend or "prevented" from attending the trial. Turning to subsection (1)(b), Foster-DeBerry contends that Hoffmann was not likely to be absent from the state at the time of trial "except through her own choice to comply with the requests of an organization that could not compel her presence elsewhere." Foster-DeBerry then argues that the allegedly erroneous admission of Hoffman's deposition testimony was not harmless because it was the only "scientifically qualified evidence of the suspected methamphetamine's chemical identity." Foster-DeBerry asserts that without Hoffman's testimony, there was insufficient evidence to convict her of the charge.

¶5    The State responds that § 46-15-201(1), MCA, did not require the State to show that no one else could have covered Hoffman's out-of-state obligation. Further, the State contends that it is irrelevant whether Hoffman volunteered for this obligation because at the time she did so, she was not under subpoena. The State asserts that it subpoenaed Hoffman in a timely fashion, at which point it learned of the conflict and the need to

3

preserve her testimony via a deposition. Next, the State argues that Foster-DeBerry had more than adequate time to prepare for the deposition and that her constitutional right to confrontation under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), and *State v. Mizenko*, 2006 MT 11, 330 Mont. 299, 127 P.3d 458, was not violated as she was present during the deposition and had the opportunity to confront Hoffman and participate in the cross-examination. Lastly, the State points out that Foster-DeBerry did not deny that the material tested by Hoffman was methamphetamine; rather, her defense was that the drugs in question did not belong to her. Having considered the parties' arguments, we agree with the State's position.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶7 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

4